**Peter Olson et al., Appellees, v. August Nilson et al., Appellants.**

**Gen. No. 4,999.**

1. VERDICT—*when disturbed as excessive.* A verdict which is excessive according to the clear preponderance of the evidence will be set aside on review.

2. MECHANIC'S LIENS—*when attorney's fees should not be awarded.* Held, under the facts of this case, that attorney's fees should not be allowed pursuant to the Mechanic's Lien Act.

Bill in equity. Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the April term, 1908. Reversed and remanded. Opinion filed August 10, 1908.

B. A. KNIGHT and JOHNSON & JOHNSON, for appellants.

FISHER & NORTH, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellees filed a bill in equity for a mechanic's lien upon certain real estate in Rockford for work done and materials furnished in the erection of a

building thereon under a written contract and, written supplements thereto, which provided that appellants should do certain excavating, build certain foundations, do certain pointing, furnish labor, stone and mortar, and erect certain brick walls. The original bill alleged that appellees had furnished 143,000 brick for the walls, and that $500 remained unpaid. The answer by appellants admitted that 136,000 brick had been furnished. Afterwards appellees filed a so-called amendment to their bill. The amendment specified eight places in the bill where certain words should be stricken out and certain other words inserted in place of them. The references were to certain lines on certain pages of the original bill. These references will not at all fit the pages and lines of the bill as copied into the record. We have no definite means of knowing where these amendments were intended to be made. We must find other lines on other pages and assume that those were the lines and pages intended to be changed. In many cases it would be impossible for the court on appeal to determine with any certainty from such an amendment what was intended to be changed, and hence it would often be difficult to tell whether the *allegata* and *probata* agreed. We disapprove of this method of amending the pleadings. Appellants, however, amended their answer in the same way, and we have therefore endeavored to find where the amendments should be inserted. We conclude that it was the intention of the amendments to charge that appellees furnished 203,861 brick and that there remained due them upon the entire contract $1,225.45. There was a hearing and a decree. The decree found that appellees furnished 192,000 brick and that there was a balance of $1,043 due appellees, for which sum appellees were given a lien upon the premises, as also for $150 as a reasonable attorney's fee. Defendants below appeal.

The contract required appellees to furnish the brick

at $11.50 per thousand "kiln count." The evidence shows that this means actual count at the kiln where the brick are burned, and casts upon the buyer the loss by breakage and other waste. Appellees had the brick shipped to them in carload lots from Grant Park, Illinois, and had it in their power to ship carload lots for this job, and to prove such shipments, and thereby to prove exactly how many brick went into this building by kiln count. One of the appellees testified that he had the bills showing the brick bought at Grant Park. Appellants then requested appellees to produce these bills. They refused to produce the bills at the hearing, on the ground that they were immaterial. Appellants did not ask any order of court upon appellees requiring them to produce the bills nor obtain any ruling that the bills were immaterial, and therefore no error appears in the record in that behalf. The bills, however, should have been produced. The excuse now made is that some brick obtained at Grant Park were used in other buildings, and that some brick from another source were put into this building. We do not think that these excuses should have deprived appellants of access to all available sources of original information as to the number of brick, kiln count, put into this building. The difference between the 143,000 brick originally claimed by appellee, and the 192,000 brick afterwards awarded by the court, is very great. No adequate explanation of this difference is contained in the record, so far as we have observed. The failure of appellees to produce proof of the actual amount of brick obtained by them at the kiln for this building compelled appellants to resort to actual count of the brick on the exterior of the walls, and to estimate therefrom the number of brick in the entire building. From an examination of the evidence we are of opinion that the preponderance of the proof is that there were in said walls somewhere about 136,000 brick, to which should be added the waste, which appears to be

usually estimated by experienced men at 5%. In other words, the original bill stated with substantial accuracy the number of brick in the building, according to the preponderance of the proof now before us. We conclude that the allowance of 192,000 brick in the decree is excessive under the proof before us. Appellees were not entitled to attorney's fees. Manowsky v. Stephan, 233 Ill. 409.

There are a few other minor matters in dispute which are discussed by counsel, but as the proof upon them may be different at the next hearing, we think it unnecessary to consider them. For the reasons above stated, the decree is reversed and the cause remanded.

*Reversed and remanded.*